UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Matthew Dustin Perry, #187021 *a/k/a Matthew Perry,*<br><br>Plaintiff,<br><br>vs.<br><br>Laree A. Hensley, Esquire,<br><br>Defendant. | C/A No. 2:09-80-RBH-RSC<br><br>Report and Recommendation |

## Introduction

The plaintiff, Matthew Dustin Perry, proceeding *pro se,* brings this action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is an inmate at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915.  The plaintiff alleges that his attorney committed legal malpractice and negligence during his post-conviction relief ("PCR") proceeding in state court.  He seeks damages and injunctive relief.  The complaint should be dismissed for failure to state a claim upon which relief may be granted and lack of subject matter jurisdiction.

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v.*

2

*Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

<u>Background</u>

It appears that the plaintiff was convicted of murder on or about 2003 in the Charleston County Court of General Sessions, and he received a life sentence. *See* South Carolina Department of Corrections Homepage, http://www.doc.sc.gov/index.jsp (follow "research," then follow "SCDC Inmate Search," then "Search for Incarcerated Inmate," using the SCDC ID number 187021) (last

visited Feb. 4, 2009).[2] The plaintiff alleges that the defendant Laree A. Hensley, Esquire, represented him during his post-conviction relief hearing held on July 23, 2008, in a South Carolina Court of Common Pleas. (Compl. at 3,5.) He alleges that the defendant "failed to bring as witnesses the individuals that were listed by the plaintiff in a Motion to Subpeona ad Testificandum, which was included within the plaintiff's P.C.R. application." (Compl. at 3.) Further, the defendant "did not present all the issues that the plaintiff had within his P.C.R. application and had requested to be heard." *Id.* Finally, the plaintiff alleges that the defendant "failed to submit a motion to Alter or Amend Judgement as requested by the plaintiff in regards to the Judgement made by The Honorable Judge Welmaker, and took liberty to file the appeal." *Id.*

The plaintiff seeks $30,000,000.00 in damages due to the defendant's negligence. He also requests that her license to practice law be revoked. Additionally, the plaintiff seeks to have his PCR case reheard in the Court of Common Pleas.

---

[2] The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

<u>Discussion</u>

It is not entirely clear whether the plaintiff is bringing a state law claim against the defendant, or whether he brings a violation of his civil rights pursuant to 42 U.S.C. § 1983, or both.  To the extent the plaintiff brings a civil rights claim, he failed to state a claim upon which relief may be granted.  Title 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The defendant is alleged to be an attorney who represented the plaintiff during his state PCR proceeding.  An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*,

5

631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender).

In *Hall v. Quillen*, the district court had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. Although affirming the district court's order, the Court of Appeals indicated that lower courts should first determine whether state action occurred:

> [I]mmunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Because attorney Hensley has not acted under color of state law, this case fails to state a claim under 42 U.S.C. § 1983.

Also, the plaintiff did not allege that a right secured by the Constitution or laws of the United States was violated. Negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d

6

792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, 78 (4th
Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The
district court properly held that *Daniels* bars an action under
§ 1983 for negligent conduct[.]"). The plaintiff's complaint
sounds merely in negligence. He claims that the defendant acted
negligently in his PCR proceeding and that she committed legal
malpractice. The Supreme Court has spurned any approach to the Due
Process Clause "that would make it 'a font of tort law to be
superimposed upon whatever systems may already be administered by
the States.'" *Waybright v. Frederick County, Md.*, 528 F.3d 199, 204
(4th Cir. 2008). In other words, not every tort committed by a
state actor becomes a constitutional violation. *Id.* *See also Mora
v. The City of Gaithersburg, Md.*, 519 F.3d 216, 231 (4th Cir. 2008)
(noting that a state law claim dressed up in due process clothing
is usually treated as a state law claim). A claim for legal
malpractice is a state law tort claim. *See Epstein v. Brown*, 610
S.E.2d 816, 818 (S.C. 2005). Bringing such a claim in federal
court pursuant to § 1983 does not make it a constitutional claim.

To the extent the plaintiff brings a state law tort claim in
this court, his claim may be cognizable only if the diversity
statute is satisfied. *Cianbro Corp. v. Jeffcoat & Martin*, 804 F.
Supp. 784, 788-791 (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir.
1993)[Table]. The diversity statute requires complete diversity of
parties and an amount in controversy in excess of seventy-five

thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See* *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). The plaintiff alleges that the defendant's address is North Charleston, and it appears that the plaintiff was convicted in the Charleston County Court of General Sessions. The only inference the court can draw is that the plaintiff lived in the Charleston, South Carolina area prior to his conviction. Accordingly, this court has no diversity jurisdiction over this action because it appears that both parties are domiciled in the State of South Carolina; hence, complete diversity of parties is absent.[3]

Additionally, the plaintiff's request to have his PCR case reheard in the Court of Common Pleas is essentially a request for this court to interfere in the pending state PCR proceedings. The complaint reveals that on September 17, 2008, the defendant filed an appeal in the PCR case on the plaintiff's behalf. Thus, the PCR appeal is likely pending in the South Carolina appellate courts. This court should abstain from interfering with the state PCR process. A federal court may not award injunctive relief that would affect pending state criminal or civil proceedings absent

---

[3] Notably, the plaintiff is not without a judicial remedy. He can bring a tort suit against the defendant in a South Carolina Court of Common Pleas.

extraordinary circumstances. *See Harper v. Pub. Serv. Comm'n of West Va.*, 396 F.3d 348, 351 (4th Cir. 2005). This case does not present extraordinary circumstances. It appears that the plaintiff's PCR appeal is pending in the South Carolina appellate courts and the plaintiff should be able to request the state appellate court to grant him a new PCR hearing *before* the Court of Common Pleas.[4] Therefore, it is recommended that this court abstain on the plaintiff's claim for injunctive relief.

<u>Recommendation</u>

Accordingly, it *is* recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **The plaintiff's attention is directed to the important notice on the next page.**

Robert S. Carr
United States Magistrate Judge

February **5** , 2009
Charleston, South Carolina

---

[4] This court does not express any opinion on the merits of the plaintiff's request or whether a South Carolina appellate court would grant him a new PCR hearing.

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).