IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Matthew Dustin Perry, | ) | C.A. No. 2:09-cv-80-RBH-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Laree A. Hensley, Esq., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Pro se* plaintiff Matthew Dustin Perry ("Plaintiff"), brought this civil action pursuant to 42 U.S.C. § 1983 on January 12, 2009. (Doc. # 1.) Plaintiff also moved for leave to proceed *in forma pauperis*. (Doc. # 2.) This matter was referred to United States Magistrate Judge Robert S. Carr pursuant to 28 U.S.C. § 636(b) and Civil Rule 73.02(B) (D.S.C.). On February 2, 2009, Magistrate Judge Carr granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. # 8.) In accordance with this same statute, Magistrate Judge Carr reviewed Plaintiff's complaint *sua sponte* under the provisions found in Section (e), and filed a Report and Recommendation (the "Report"). (Doc. # 11.)

This matter now comes before this Court for review of the Report. In the Report, the Magistrate Judge recommends that the District Court dismiss the Plaintiff's Complaint for failure to state a claim upon which relief can be granted. *Id.*

On March 27, 2008, the Plaintiff filed objections to the Report (the "Objections"). (Doc. # 14.) Thereafter, the Court reviewed the Report and the Plaintiff's Objections. In conducting this review,

1

the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

For his Complaint, the Plaintiff alleges negligence and legal malpractice claims against his PCR counsel, and seeks her disbarment, a rehearing of his PCR application, and $30,000,000.00 in damages. (Doc. # 1.) Plaintiff's specific grounds are stated as follows:

1.  On July 23, 2008, the attorney, Laree A. Hensley did not present all the issues that the plaintiff had within his P.C.R. application and had required to be heard.

2.  On July 23, 2008, the attorney, Laree A. Hensley failed to bring as witnesses the individuals that were listed by the plaintiff in a Motion to Subpoena ad Testificandum, which was included within the plaintiff's P.C.R. application.

3.  On September 17, 2008, attorney, Laree A. Hensley failed to submit a motion to Alter or Amend Judgement as requested by the plaintiff in regards to the Judgment made by The Honorable Judge Welmaker, and took liberty to file the appeal.

*Id.*

The Magistrate concluded, *intra alia*, that the Plaintiff's claims should be dismissed because "[a]n attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983." (Doc.

# 11.)

Plaintiff filed the following three specific objections to the Magistrate Judge's findings:

    1.    The plaintiff objects to Report and Recommend[ation] page 6, second paragraph, being that the defendant, Laree A. Hensley, was appointed as counsel by the State and this itself falls under the U.S.C.A. Amendment 6 right to counsel to represent him, this right also enacts the plaintiff's U.S.C.A. Amendment 14 right to due process, which enables the plaintiff to make this complaint of negligence/legal malpractice, being that the negligence/legal malpractice deprived the plaintiff of his right to life and liberty, which makes this a civil rights action under 42 U.S.C.A. § 1983.

    2.    The plaintiff also objects to Report and Recommendation, 2nd paragraph, page 6- end of 1st paragraph, page 7.... [C]ounsel only brought two (2) of the fifteen (15) issues in front of the Court and in doing this, counsel denied the plaintiff the right secured unto him by the Sixth Amendment... .[C]ounsel also denied the plaintiff the right to have the issues brought before the Court and this is a violation of the U.S.C.A. 14th Amendment and S.C. Const. Art. 1 & 3, being that the plaintiff was denied the equal protection of the laws, because counsel failed to have all the issues heard by the Court.

    3.    The plaintiff also objects to the Report and Recommendation, page 8, 2nd paragraph to page 9, end of discussion. This objection is due to the defendant's negligence in not performing the plaintiff's request of filing a motion to Amend or Alter Judgment, the defendant instead filed an appeal and in doing so denied the plaintiff the right to have all of the PCR application heard and judged upon by the Court of Common Pleas....[T]he plaintiff was unable to have all of the civil rights violations judged upon properly by the Court of Common Pleas and these actions have denied the plaintiff the right to be heard.

(Doc. # 14.)

The Court has carefully reviewed the Plaintiff's Objections, including his twenty-three page supplemental "exhibit" and finds no factual or legal basis for relief. As stated in the Magistrate's Report, in order to be subject to a claim under 42 U.S.C. § 1983, a defendant must act under color of law. 42 U.S.C. § 1983. Courts have long held that state appointed counsel do not act under color of

law. *Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980) (holding that there is "no liability under § 1983" for state-appointed counsel.) The Plaintiff's Objections merely reiterate his belief that he has a cognizable claim. The law provides otherwise. Therefore, the Magistrate is correct in finding that the Plaintiff has failed to state a cause of action upon which relief can be granted.

**THEREFORE**, in light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the Objections. After careful review of the Report and Objections thereto, the Court **ADOPTS** the Report, (Doc. # 11), and **DISMISSES** Plaintiff's Complaint without prejudice and without issuance of service of process.

**IT IS SO ORDERED**.

S/R. Bryan Harwell
United States District Judge

July 24, 2009
Florence, South Carolina

4